Argued May 31, affirmed June 23, 1972

HILL, *Appellant, v.* HILL (No. 30765),
*Respondent.*

498 P2d 395

*Harry A. Slack,* Coquille, argued the cause for appellant. With him on the brief were Slack & Slack, Coquille.

*George T. Gant,* Coos Bay, argued the cause for

respondent. With him on the brief were McNutt, Gant, Ormsbee & Gardner, Coos Bay.

Before Schwab, Chief Judge, and Langtry and Thornton, Judges.

LANGTRY, J.

Plaintiff appeals from a divorce decree in favor of his wife which awarded her custody of their child, $5,000 to be paid by him in two years and $300 per month alimony for two years plus $75 per month for support of their child. Plaintiff does not contest the granting of the divorce but asserts error in the award of $5,000 and the alimony. No question is raised as to the child's custody and support.

The parties were married in June 1967, in Vietnam where plaintiff was an employe of an American firm and defendant was the operator of two bars which she owned in or near Saigon. Plaintiff now works in the state of Washington earning $750 a month. When he worked in Vietnam his pay ranged from $1,850 to $1,950 per month over a period of some 40 months during the time the parties were married. Defendant had a child, now 15 years old, whom plaintiff apparently adopted under what plaintiff termed a Vietnamese legitimation proceeding.

The language barrier made it quite difficult for the court to understand defendant's testimony. This, together with evasiveness on the part of plaintiff and members of his family who were witnesses, made it extremely difficult for the trial court to understand the property and financial condition of the parties. Plaintiff claimed defendant had substantial value in diamonds. This she denied. She claimed he had substantial value in real property, the title of which is in

his parents' name. This they denied. Other facets of the evidence about finances were as sharply divergent.

It is clear that during the marriage while the parties lived in Vietnam plaintiff was sending home (to Coos County, Oregon) for a period of about 40 months some $1,500 or $1,600 per month which was being kept in a checking account with his mother. She sent some money back to him, and he wrote some checks on the account for airplane tickets and living expenses; nevertheless, in the neighborhood of $35,000 of this income is unaccounted for. Defendant used up some unascertainable amount of a $6,000 savings account. An income tax lien for approximately $7,900 has been placed against plaintiff. He has two children by a previous marriage for whom he pays a total of $100 per month for support.

The defendant was left in Saigon without support by the plaintiff when he ceased employment there, but when he commenced the divorce proceedings against her, alleging there was no property involved, she came to Oregon and contested the case, bringing with her some letters plaintiff's mother had written him which indicated his money was being used to some extent in purchase of the real property. It appears that defendant will be unable to gain employment in Vietnam if she returns there because she has become an American citizen. In any event she has remained in this country and must learn enough of the English language and the ways of this country to earn a living. She is approximately 43 years old and husband is approximately 34 years of age. After hearing the evidence and observing the parties and their witnesses, the trial judge said:

"In this case, the mother is clearly entitled to a

divorce. It is impossible to unravel the matters of money; but I am satisfied that this father has an interest in monies that have gone into properties. I am sure that he did borrow money from his parents. I am sure that his mother dealt with it honestly; but I am still satisfied from her letters that he has a property interest which, I assume, will go for tax purposes, because the tax people can reach things that this Court cannot.

"I'm satisfied that various other money did go as part of a concerted plan to strip the income away from this woman. I am going to award a cash judgment for five thousand dollars. I am staying the taking of execution upon it for a period of two years * * *."

The court then went on to say the defendant should have $300 per month for two years as alimony and that "there's money around to pay it."

After a reading of the entire record that was made, even though there is much to be desired in that regard, the only conclusion we can come to is the same as that of the trial court. We are satisfied that the trial judge took into consideration all the information he had as to the financial condition of the parties and of their property as well as the contribution each made. The unusual condition of the marriage with reference to defendant's nationality was something that the trial court had to balance against the plaintiff's age, income and current obligations. We conclude that the decree was as fair as the court could make it, and it should be affirmed. *Elliker v. Elliker,* 1 Or App 18, 457 P2d 668 (1969).

Affirmed